UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pier View Condominium Association, Inc., | Civil Action No. 2:18-22-BHH |
| Plaintiff, | |
| v. | **Opinion and Order** |
| Johns Manville, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiff Pier View Condominium Association, Inc.'s ("Pier View") motion to reconsider (ECF No. 69) the portion of the Court's summary judgment order that dismissed Pier View's negligence, breach of implied warranty, and strict liability claims based on the Statute of Repose (*see* ECF No. 65 at 5–7). For the reasons set forth below, the motion to reconsider is denied.

## BACKGROUND

In its Opinion and Order issued February 17, 2021 ("Order"), the Court set forth in detail the factual allegations that form the basis of this action (*see* ECF No. 65 at 1–3, 5–15), and the Court assumes familiarity therewith. On October 23, 2017, Pier View filed its complaint against Defendant Johns Manville, Inc. ("JM") in the Court of Common Pleas for the County of Berkley, South Carolina. (ECF No. 1-1.) JM timely removed the complaint to this Court. (ECF No. 1.) Pier View filed an amended complaint on April 4, 2018, asserting causes of action for reformation of contract, negligence/gross negligence, breach of express warranty, breach of implied warranty, strict liability in tort, and breach of contract. (ECF No. 14.) In the challenged Order, the Court granted JM's motion for

1

partial summary judgment and dismissed all of Pier View's claims except the breach of express warranty and gross negligence claims pursuant to South Carolina's statute of repose, S.C. Code § 15-3-640. (ECF No. 65 at 5–7.)

In its motion for reconsideration, Pier View asks the Court to set aside its dismissal of the negligence, breach of implied warranty, and strict liability claims based on the assertions that the statute of repose is not available to JM because it engaged in reckless conduct and concealed these causes of action, and because the statute allows parties to extend the repose period applicable to implied warranties. (*See* ECF No. 69.) The matter is fully briefed and ripe for disposition. Thus, the Court issues the following ruling.

## STANDARD OF REVIEW

A court may grant a motion to alter or amend under Federal Rule of Civil Procedure 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citation and quotation marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The Fourth Circuit Court of Appeals has stated that "mere disagreement" with the district court's ruling does not support a Rule 59 motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Moreover, "Rule 59 motions should not be used to rehash issues already ruled upon because a litigant is displeased with the result." *Ridgeway v. Stevenson*, 2011 WL 1466325, at *2 (D.S.C. Apr. 15, 2011)

(citing *Hutchinson*, 994 F.2d at 1082).

## **DISCUSSION**

In the motion to reconsider, Pier View asserts that the Court's dismissal of the negligence, breach of implied warranty, and strict liability claims based on the statute of repose was premised upon two errors of law and two "oversights." (ECF No. 69 at 2.) First, Pier View contends that the statutory language detailing when the expiration of the repose period is not available as a defense removes *all* of Pier View's claims from the purview of the statute of repose because of JM's alleged gross negligence, recklessness, and concealment. (*Id.*) Second, Pier View asserts that the Court "overlooked ruling on concealment," even as Pier View provided evidence from which a jury could conclude that JM concealed its "misfeasance, malfeasance, and non-feasance" from Pier View over the course of several years. (*Id.*) Third, Pier View argues that by virtue of extending a 20-Year, No Dollar Limit Watertight Guarantee on the subject roofs, JM contractually extended the statute of repose, which included both express warranties *and* implied warranties. (*Id.* at 3.) Fourth, Pier View asserts that even as the Court found that material questions of fact remain sufficient to allow the gross negligence claim to proceed, it failed to address the similar but distinct recklessness exception to the statute of repose. (*Id.*) The Court will address each of these asserted bases for reconsideration in turn.

### **I. Whether genuine issues of material fact regarding gross negligence except Pier View's other claims from the statute of repose**

Pier View argues that because its gross negligence claim was allowed to proceed under the Court's summary judgment Order, and because the statute of repose is "not available as a defense to a person guilty of fraud, gross negligence, or recklessness in providing components [or] in furnishing materials," S.C. Code § 15-3-670(A), *all* of Pier

3

View's claims should be permitted to proceed to trial. (*See* ECF No. 69 at 4–7.) In other words, Pier View contends that the applicable exception to the statute of repose is "defendant-specific" rather than "claim-specific." (*Id.* at 5.) The argument puts the proverbial cart before the horse by unilaterally validating an as-yet-unadjudicated claim of gross negligence as a basis to prevent routine application of the statute of repose to claims that would not otherwise be excepted.

Pier View asks the Court to allow *all* of its claims to be tried to the jury because the Court found that triable issues remain as to the gross negligence claim. But the proposed exercise would be futile, because, if gross negligence is substantiated at trial, such a finding will permit full recovery by Pier View. *See Hampton Hall, LLC v. Chapman Coyle Chapman & Assocs. Architects AIA, Inc.*, No. CV 9:17-1575-RMG, 2018 WL 679454, at *3 (D.S.C. Feb. 2, 2018) ("If Plaintiff proves gross negligence, then Plaintiff can obtain complete recovery under that cause of action."). In *Hampton Hall*, Judge Gergel held that the plaintiff's construction defect claim premised on simple negligence was barred by the statute of repose, but the plaintiff's gross negligence claim survived summary judgment. *See id.* Judge Gergel agreed with the plaintiff's interpretation of the statute of repose insofar as the negligence claim would be excepted if the defendants were merely negligent, not grossly negligent, and concealed that negligence from the plaintiff. *Id.* However, he found that the facts of the case did not support the assertion that the defendants concealed the construction defects in question. *Id.* The undersigned agrees with this analysis of the statute of repose on a *claim-specific* basis given that the statute is made unavailable as a defense to a party "**guilty**  of fraud, gross negligence, or recklessness" in furnishing materials, or to a party who "conceals any such **cause of**

4

*action*." S.C. Code § 15-3-670(A) (emphasis added). Thus, gross negligence, recklessness, or material concealment must be *proven*, not simply alleged, to avoid application of the statute of repose, and the proof must be as to those specific theories of liability, not as to negligence generally. Accordingly, Pier View's motion to reconsider on this basis is denied.

### II. Whether Pier View has produced evidence of concealment sufficient to survive summary judgment on its otherwise-barred causes of action

Pier View next argues that the Court should reconsider its summary judgment ruling because it erred by failing to address alleged evidence of JM "*concealing* its negligence, breach of warranty (express and implied), and proliferation of a defective roofing system, and the concealment's effect on the application of the [s]tatute of [r]epose[.]" (ECF No. 69 at 7–11 (emphasis in original).) Pier View contends that it both alleged and provided evidence of the following:

> Defendant JM concealed the inherent defects in Pier View's roofing system; it concealed its negligent specification of a non-code compliant roofing system; it concealed its supply of an inherently defective roofing system; it concealed its negligently deficient inspections; and it concealed its knowledge of the roof's defectiveness, including that the roof does not comply with the law—the International Building Code. JM's concealment directly affected Plaintiff's ability to bring its causes of action.

(*Id.* at 8–9.) Because the Court disagrees that sufficient evidence of concealment has been shown to trigger the attendant exception to the statute of repose, the motion to reconsider on this basis will be denied.

At bottom, Pier View's arguments in this section of its motion to reconsider are unpersuasive because they conflate nondisclosure with concealment and fail to recognize that the term "conceals" in the statute of repose refers to causes of action for fraud, gross negligence, and recklessness. *See* ," S.C. Code § 15-3-670(A) ("The limitations provided

5

by Sections 15-3-640 through 15-3-660 are not available as a defense to a person guilty of fraud, gross negligence, or recklessness . . . or to a person who conceals any such cause of action."). Considering the meaning of the term "concealment," the Fourth Circuit has stated:

> [T]he common law clearly distinguishes between concealment and nondisclosure. The former is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. The latter is characterized by mere silence.

*United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000); *see also Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278, 291 n. 2 (4th Cir. 2012) ("The district court properly concluded that plaintiffs failed to allege affirmative acts of concealment or affirmative steps to mislead and that plaintiffs' allegations amount to no more than a failure to admit to wrongdoing, which does not suffice."). Pier View contends that the Fourth Circuit's consideration of the term is inapplicable here because Pier View has not alleged "fraudulent concealment," as was the case in *Colton*. (*See* ECF No. 71 at 2–6.) The distinction, however, is immaterial; the intuitive difference, explained in *Colton* and reflected in the common law, between concealment (which involves affirmative acts) and nondisclosure (which involves passive silence) applies here the same as it does anywhere else the term "concealment" is used. Pier View's averments of concealment are conclusory and unsupported by sufficient evidence to support an exception to the statute of repose. Stated another way, Pier View's allegations of *concealment* as to "inherent defects in [the] roofing system," "negligent specification of a non-code compliant roofing system," "supply of an inherently defective roofing system," "negligently deficient inspections," and "knowledge of the roof's defectiveness" (*see* ECF No. 69 at 8–9) do not

6

*add* anything to its substantive claims, except to assert that Pier View did not, of its own volition, *admit* or *disclose* its putative failures.

For example, Pier View claims that, in an August 16, 2006 letter to the Developer setting forth specifications of the roofing system's design, JM did not disclose certain information that would have demonstrated the roofing system was not properly rated for the coastal region and wind load demands it would need to withstand. (*See id.* at 9.) This assertion does not add anything to Pier View's gross negligence theory, and Pier View has not adduced any testimony or evidence to show that JM affirmatively misled the Developer by the alleged nondisclosure or that such nondisclosure resulted in Pier View's delay in bringing this case. Pier View also claims JM failed to admit liability for warranty repairs (*id.* at 9–10)—which, JM was under no obligation to admit. But Pier View has not produced evidence that JM affirmatively misled Pier View regarding the condition of the roof. Finally, Pier View claims JM failed to disclose, in May 2016 and following, that the Guarantee transfer request would not be granted, which led Pier View to continue acting as if the Guarantee was intact, while JM believed it was not. (*Id.* at 10.) But Pier View has not produced evidence that it was induced to delay bringing suit, or that any such delay would have been of consequence given that the eight-year statute of repose expired in April 2016. (*See* ECF No. 65 at 5–7.) Additionally, in its summary judgment order, the Court permitted Pier View's breach of express warranty claim to go forward, thereby providing an alternative basis for relief should Pier View be able to establish that an effective transfer of the Guarantee occurred in 2016. (*See id.* at 7–11.) In sum, Pier View has failed to produce any evidence of affirmative concealment by JM. Thus, the motion for reconsideration on this basis is denied.

**III. Whether the contractual extension of the express warranty also extended implied warranties past the eight-year Statute of Repose**

Next, Pier View argues that the parties contractually extended the statutory repose period when the manufacturer, JM, warranted the roofing product for twenty years, and that said extension included express and implied warranties alike. (ECF No. 69 at 11–14.) Citing *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, No. 3:11-CV-02784 JMC, 2013 WL 1316562 (D.S.C. Mar. 27, 2013), Pier View contends that "by issuing a 20-Year, No Dollar Limit Watertight Guarantee, JM waived its ability to rely on the shorter 8-year Statute of Repose as a defense to [Pier View's] warranty claims." (*Id.* at 11–12.) Pier View further contends that the implied warranty disclaimers in the language of the Guarantee "are void and unenforceable, and thus the implied warranties attendant to the roof system are at minimum extended for the duration of the [Guarantee]." (*Id.* at 14.)

The Statute of Repose allows the extension of "any guarantee" beyond the repose period by "contractual agreement." S.C. Code § 15-3-640 ("Nothing in this section prohibits a person from entering into a contractual agreement prior to the substantial completion of the improvement which extends any guarantee of a structure or component being free from defective or unsafe conditions beyond eight years after substantial completion of the improvement or component."). However, Pier View is incorrect when it argues that the provision of an express warranty axiomatically extends implied warranties past the repose period. Apart from a contractual extension of a guarantee, all implied warranty claims are extinguished by operation of the Statute of Repose. The extension of any guarantee, being in the nature of a contract, is necessarily limited to the terms of that contract. Consequently, implied warranties survive the Statute of Repose only if they are

8

extended by the terms of the contractual agreement.

Here, the plain language of the Guarantee disclaims implied warranties. It would be illogical to find that it also expressly *extends* those warranties. Under the heading "LIMITATIONS AND EXCLUSIONS," the Guarantee states in pertinent part:

> TO THE FULLEST EXTENT PERMITTED BY LAW, JM DISCLAIMS ANY IMPLIED WARRANTY, INCLUDING THE WARRANTY OF MERCHANTABILITY AND THE WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, AND LIMITS SUCH WARRANTY TO THE DURATION AND TO THE EXTENT OF THE EXPRESS WARRANTY CONTAINED IN THIS GUARANTEE.

(ECF No. 14-2 at 1.) Accordingly, the Court finds that the contractual extension of the instant warranty beyond the eight-year statutory period was and is limited to the express terms of the Guarantee, and any implied warranty claims were extinguished by the Statute of Repose.

Moreover, Pier View's assertion that the Guarantee's implied warranty disclaimer is unconscionable is unavailing because Pier View has not demonstrated facts to support a finding of unconscionability. In order to prove a disputed contract clause is unconscionable, a plaintiff must show "an absence of meaningful choice and oppressive, one-sided terms." *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 669 (2007). In determining whether there was an absence of meaningful choice, "courts should take into account the nature of the injuries suffered by the plaintiff; whether the plaintiff is a substantial business concern; the relative disparity in the parties' bargaining power; the parties' relative sophistication; whether there is an element of surprise in the inclusion of the challenged clause; and the conspicuousness of the clause." *Id.* (citation omitted). "Courts should not refuse to enforce a contract on grounds of unconscionability, even when the substance of the terms appear grossly unreasonable, unless the circumstances

9

surrounding its formation present such an extreme inequality of bargaining power, together with factors such as lack of basic reading ability and the drafter's evident intent to obscure the term, that the party against whom enforcement is sought cannot be said to have consented to the contract." *Gladden v. Boykin*, 739 S.E.2d 882, 884–85 (2013).

For the unconscionability analysis, it is important to note that the Developer, not Pier View, was the contracting party to the Guarantee. Therefore, it is the Developer's business position, bargaining power, sophistication, or surprise that is at issue. Pier View has not produced any evidence relevant to these criteria in relation to the Developer. Moreover, the record demonstrates the Developer specifically negotiated the terms of the Guarantee with JM by seeking variances from the warranty requirements during construction. The implied warranty disclaimer is conspicuously noted in all capital letters on the first page of the Guarantee under the heading "LIMITATIONS AND EXCLUSIONS," so it can hardly be said to embody an element of surprise. Put simply, even it were true that the terms of the Guarantee were unreasonable—a conclusion that the Court has not drawn here—there is no record on which the Court could find the implied warranty disclaimer unconscionable.

Finally, Pier View's reliance on *In re Bldg. Materials* is inapposite given the stage of proceedings in this case. In *In re Bldg. Materials*, the court denied the defendant asphalt roofing shingle manufacturer's motion to dismiss the plaintiff's implied warranty claims because the plaintiff had "sufficiently alleged that the warranty disclaimer was unconscionable or unenforceable." 2013 WL 1316562, at *7. In the instant case, mere allegations of unconscionability were not enough to survive JM's motion for summary judgment motion. Rather, Pier View was required to point to admissible evidence in the

10

record demonstrating unconscionability or unenforceability. As indicated above, Pier View produced no such evidence and the motion for reconsideration on this basis is denied.

**IV. Whether Pier View's allegations of recklessness except all other claims from the Statute of Repose**

Finally, Pier View argues that because it alleged and provided sufficient evidence from which a jury could find that JM's conduct in manufacturing, specifying, supplying, inspecting, and warranting the roof system was *reckless*, the Statute of Repose is unavailable as a defense to JM. (ECF No. 69 at 14–16.) Pier View points to legal distinctions between recklessness and gross negligence, and contends that its recklessness theory in this case bars application of the Statute of Repose at the summary judgment phase. (*Id.*)

Under South Carolina law, "ordinary negligence, gross negligence, and reckless, willful, or wanton conduct" are all forms of actionable conduct falling along a continuum of negligence that stops short of conduct amounting to an intentional tort. *Berberich v. Jack*, 709 S.E.2d 607, 615 (2011). "A tort is characterized as reckless, willful or wanton if it was committed in such a manner or under such circumstances that a person of ordinary reason and prudence would have been *conscious of it as an invasion of the plaintiff's rights*." *Hawkins v. Pathology Assocs. of Greenville, P.A.*, 498 S.E.2d 395, 405 (S.C. Ct. App. 1998) (emphasis added). In this sense, reckless conduct is necessarily negligent and grossly negligent, but negligent or grossly negligent conduct is not necessarily reckless. That recklessness constitutes a degree of negligent culpability greater than gross negligence is reflected by the fact that punitive damages are not awardable for mere gross negligence. *Solanki v. Wal-Mart Store No. 2806*, 763 S.E.2d 615, 619 (S.C. Ct. App. 2014) ("While punitive damages are recoverable for negligence so gross or

reckless of consequences as to imply or to assume the nature of wantonness, willfulness or recklessness, yet they are not awarded in this state for mere gross negligence." (citation and quotation marks omitted)).

It follows that if Pier View proves reckless conduct, it can obtain complete recovery—including both actual and punitive damages—under its remaining claim for gross negligence. *Hampton Hall*, 2018 WL 679454, at *3. As explained above, allowing Pier View to try its *other* causes of action (beyond the breach of express warranty claim and the gross negligence claim) to the jury pursuant to this exception to the Statute of Repose would be a futile exercise and needlessly complicate the issues for the jury. Accordingly, Pier View's motion for reconsideration on this basis is denied.

## **CONCLUSION**

For the reasons set forth above, Pier View's motion to reconsideration (ECF No. 69) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 4, 2022
Charleston, South Carolina